N. Y. 494, must be read with reference to the facts then before the court, namely; that the relationship of parent and child existed between the parties. The mere fact that one contracting party expects to receive his compensation for services by will does not place him in any worse position than he would occupy if he had no such expectation. The expectation that services will be compensated by will must be unaccompanied by any mutual understanding, express or implied, that such services shall be paid for. In Martin v. Wright's Adm'rs, 13 Wend. 460, one of the cases cited by Judge Selden as an authority for his conclusion, the case of Jacobson v. Executors of La Grange, 3 Johns. 199, is cited with approval by Savage, C. J., thus:

"The plaintiff lived with his uncle, the testator, at his request, eleven years; and the uncle said the plaintiff should be one of his heirs, and proposed to plaintiff's mother-in-law to give him £350 in land, as a compensation for his services. The plaintiff had never made any claim upon the testator. The jury found a verdict for the plaintiff. Van Ness, J., in giving the opinion of the court, intimates that the plaintiff could not recover if the services were rendered without any view to compensation other than such as the testator chose to make by his last will and testament; but he also says that the services having been performed for the benefit of the testator, with his knowledge and approbation, the law implies a promise to pay, unless it can be shown that payment was never intended."

The rule is here recognized to be that if the services were rendered merely in expectation of a legacy, without any contract, express or implied, but relying solely on the testator's generosity, no action can be maintained. In all of the reported cases in which claims have been made against the estates of deceased persons for compensation for services similar to those for which a claim is now made, the rule of law is explicitly recognized that an agreement to pay for such services will be implied, unless the circumstances are such as to rebut such implication. Williams v. Hutchinson, 3 N. Y. 312; Ross v. Hardin, 79 N. Y. 84; Lynn v. Smith, 35 Hun, 275; Collyer v. Collyer, 113 N. Y. 442, 21 N. E. 114. The circumstances of this case do not rebut the implication of an agreement to pay. On the contrary, the claimant always expected to be paid for her services, and rendered them with the expectation of reward always in contemplation.

Let decree be entered accordingly, with costs payable out of the estate.

Decreed accordingly

---

(19 Misc. Rep. 83.)

## In re LOWERY'S ESTATE.

(Surrogate's Court, Oneida County. December, 1896.)

1. LIFE ESTATE—BOND FOR REMAINDER-MEN.
    A life beneficiary, in whom is vested the possession of the fund, may be required to give bond for the protection of the remainder-men.
2. LIFE LEGATEE—EXECUTOR—BOND.
    An executor is not required to give bond as such merely because he is also life legatee.

Judicial settlement of the accounts of executors of the estate of James L. Lowery.

C. Lansing Jones, for executors.
R. S. Johnson, special guardian.

IN RE LOWERY'S ESTATE.

CALDER, S. The testator, James L. Lowery, in and by his will, appointed his wife (Emily Gale Lowery), Clifford F. Marklove, and William L. Downing executors. At the death of his wife said Marklove and Downing receive the corpus of the estate, as trustees, to dispose of the same as directed in said will. The question here to be determined is in reference to the disposition of the corpus of the estate during the life of Mrs. Lowery. The portion of the third clause of said will which is to be construed is as follows:

"I do hereby give, bequeath, and devise unto my wife, Mrs. Emily Gale Lowery, for and during her natural life, the possession, management, and the control, and the rents, profits, use, and income, of all the rest, residue, and remainder of all my personal and real property, and proceeds of real property, if sold, of every name and nature, and wheresoever situated, which I may own at the date of my death."

The primary object to be arrived at in the construction of all wills is the intent of the testator. There can be no doubt but that he intended to vest the possession, management, and control of the principal, unreservedly, in his wife. She is a life legatee. The right of remainder-men, however, should always be considered, when a fund is to be transferred to such legatee. Such a disposition cannot be demanded as a matter of right, but should be asked as a favor, which a court of equity may grant, by the imposing of such terms as may be just and equitable. In re Shipman, 53 Hun, 511, 6 N. Y. Supp. 276; In re Gillespie, 18 Abb. N. C. 41; Tyson v. Blake, 22 N. Y. 558; Livingston v. Murray, 68 N. Y. 485. In the present case there are seven children who will be entitled to the fund at a future time, and I believe it my duty, for their protection, and in accordance with our adjudicated cases, to exact a bond before the principal is delivered to the life legatee. In case the life legatee does not furnish the requisite bond, it is the duty of the executors to retain the corpus of the estate, and pay the income to the proper person, as provided in said will. In re Gillespie, supra; Clark v. Clark, 8 Paige, 152. The fact that the life legatee in the present case is one of the executors does not require from said executor any security or bond. In one case, as life legatee, she would take the fund by favor. As executor, she asks no right of the court, the confidence being placed in her by the testator. As executors, they are to administer the estate in such a manner as the law directs. They cannot be called upon to furnish bonds, except for reasons specified in section 2638 of the Code of Civil Procedure.

A decree may therefore be entered directing the delivery of the corpus of said estate to Emily Gale Lowery, to be administered by her as provided in said will, upon her giving a bond, in an amount to be approved by the court, within 15 days from the date of the entry of the decree, or, in case of her noncompliance as to said bond, said corpus is to remain in the hands of the executors of the estate, and they are to administer the same according to the terms of said will. Decreed accordingly.